# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3590-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHID S. POWELL, a/k/a
RASHEED S. POWELL,
DEXTER I. CLIMESON,
KEITH CLIMESON,
CHRISTOPH E. JOHNSON,
RASHAD S. POWELL,
and ANTHONY SIMON,

    Defendant-Appellant.

_____

Submitted March 4, 2025 – Decided April 22, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 12-10-0796 and 12-10-0797.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rashid Powell appeals from a May 3, 2023 order denying his petition for post-conviction relief (PCR). The PCR court conducted an evidentiary hearing on one of defendant's claims: that his trial counsel was ineffective in failing to make opening and closing statements in the bifurcated trial at which a jury convicted defendant of four counts of certain persons not to possess a weapon, N.J.S.A. 2C:39-7. The PCR court heard oral argument on defendant's other claims, including the claim defendant's trial counsel was ineffective in failing to provide defendant with complete discovery concerning his case.

On this appeal, defendant argues that (1) he was entitled to an evidentiary hearing on his claim that his trial counsel failed to provide him with complete discovery, and (2) his certain persons convictions should be reversed because his trial counsel was ineffective in not making an opening statement or closing argument. We reject both those arguments essentially for the reasons set forth in the thorough written opinion issued by Judge Robert Kirsch, who was both the trial and PCR judge.

2

# I.

A jury convicted defendant of sixty crimes related to the armed robberies and sexual assaults of eight victims in four separate incidences. The convictions included numerous weapons offenses, including four counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). In a separate trial, the same jury convicted defendant of four counts of second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7.

Defendant filed a direct appeal challenging his convictions and sentence. We affirmed defendant's convictions and remanded for a limited resentencing, directing that certain weapons offenses be merged and that a period of parole ineligibility be applied to one of defendant's convictions for possession of a handgun without a permit, as required by the Graves Act, N.J.S.A. 2C:43-6(c). State v. Powell, No. A-1343-18 (App. Div. July 13, 2021) (slip. op. at 31-36).

Following our remand, defendant was resentenced to an aggregate prison term of 133 years, with various sentences subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and others to the Graves Act.

The facts and evidence giving rise to defendant's convictions are summarized in our opinion on defendant's direct appeal. Powell, slip op. at 5-17. Judge Kirsch also summarized the facts and evidence in his written opinion

denying defendant's PCR petition. In short, defendant had broken into motel rooms on four separate occasions in March and April 2012. During each incident, defendant, armed with a gun, robbed the victims. Defendant then sexually assaulted the victims, including committing multiple aggravated sexual assaults on four of the female victims. Those assaults included forced oral sex, vaginal penetration, and anal penetration. In our opinion denying defendant's direct appeal, we observed that the State's proofs against defendant were "overwhelming." Id. at 29.

In November 2021, defendant filed a PCR petition. He asserted that his trial counsel had been ineffective for multiple reasons, including (1) failing to make opening and closing statements in the bifurcated trial on the certain persons charges; and (2) failing to provide him with complete discovery.

Judge Kirsch granted an evidentiary hearing on the claim that trial counsel was ineffective at the bifurcated trial. At that hearing, which was conducted on May 2, 2023, defendant's trial counsel testified. Judge Kirsch also heard argument on defendant's other claims of ineffective assistance of counsel. The following day, on May 3, 2023, the judge issued a twenty-eight-page written opinion analyzing and rejecting all defendant's PCR claims. The judge also issued an order denying defendant's PCR petition.

A-3590-22

II.

On this appeal, defendant raises two arguments, which he articulates as follows:

> POINT I – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A [PRIMA FACIE] CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO PROVIDE HIM WITH COMPLETE DISCOVERY.
>
> POINT II – DEFENDANT'S CONVICTIONS FOR CERTAIN PERSONS NOT TO POSSESS WEAPONS MUST BE REVERSED DUE TO TRIAL COUNSEL'S INEFFECTIVENESS FOR WAIVING OPENING AND CLOSING STATEMENTS AT THE BIFURCATED TRIAL.

When a PCR court conducts an evidentiary hearing, we defer to the PCR judge's factual findings so long as they are supported by substantial credible evidence. State v. Nash, 212 N.J. 518, 540 (2013). On issues where the PCR court does not conduct an evidentiary hearing, appellate courts review the denial of the PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

5

Having reviewed defendant's arguments in light of the record and law, we affirm substantially for the reasons set forth in Judge Kirsch's comprehensive and well-reasoned written opinion. We add some brief comments on each of defendant's arguments.

Defendant contends that Judge Kirsch erred in not granting him an evidentiary hearing on his claim that his trial counsel was ineffective in failing to provide him with complete discovery. Judge Kirsch correctly pointed out that defendant's claim was based on bald assertions, and he did not point to any discovery that he had not received, nor did he certify that any discovery allegedly not provided to him would have potentially changed the outcome of the trial. We also note that at that evidentiary hearing, defendant's trial counsel testified that she had reviewed discovery with defendant to ensure that defendant understood the allegations against him and had discussed trial strategy with defendant. In that regard, the following questions and answers were provided to and by trial counsel:

> Q.    And did you prepare for trial when you met with Mr. Powell?
>
> A.    Yes.
>
> Q.    Did you go over the discovery with him?
>
> A.    Yes.

6

Q. Did you provide Mr. Powell with the discovery in this case prior to having the trial?

A. I was, I think, the third attorney on the case, so if I didn't send it, I must have relied on the fact that somebody else did.

Q. And um, did you ensure that Mr. Powell understood the - - the allegations against him?

A. Yes.

Q. Um, did you go over the discovery with him to prepare for trial?

A. Yes.

Q. Did you, um, go over trial strategy with him?

A. Yes.

In short, the record demonstrates that defendant did not make a prima facie showing of either prong of the Strikland/Fritz test. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a showing that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense"); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test in New Jersey). Thus, defendant was not entitled to an evidentiary hearing. See State v. Porter, 216 N.J. 343, 354 (2013)

A-3590-22

(explaining that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he or she establishes "a prima facie case in support of [PCR]," (2) there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief" (quoting R. 3:22-10(b))).

In his second argument, defendant essentially contends that we should disregard the factual findings made by Judge Kirsch and find that trial counsel was ineffective at the bifurcated trial by failing to make an opening and closing statement. We reject this argument for several reasons. First, Judge Kirsch found that trial counsel had a legitimate strategy for not making opening and closing statements. Trial counsel had explained that after consulting with other members of the Public Defender's Office and defendant, she decided not to make an opening or closing statement to preserve her credibility before the jury. Judge Kirsch found counsel's explanation to be credible. Moreover, Judge Kirsch, who had been the trial judge in this case, also found that trial counsel's strategy was sound strategy given that the evidence in the bifurcated trial was indisputable. Those factual findings are all well-supported by the credible evidence in the record.

A-3590-22

Second, the record is clear in establishing that an opening and closing statement would have had no effect on the outcome of the trial. The jury had previously convicted defendant of eight weapons offenses. At the bifurcated trial, defendant stipulated that he had a prior conviction that prohibited him from possessing weapons at the time that he possessed a gun at the four different incidences that occurred in March and April of 2012. In short, defendant did not have any real defense to the certain persons charges and an opening and closing statement would not have impacted the outcome of the trial.

In short, defendant did not establish either a deficient performance by his trial counsel or any prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3590-22